# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3532 | **DATE** | 5/11/2012 |
| **CASE TITLE** | Eugene Peba vs. Janet Napolitano | | |

**DOCKET ENTRY TEXT**

Eugene Peba's petition for a writ of habeas corpus is dismissed without prejudice. Civil case terminated. See statement below.

■[ For further details see text below.]   Notices mailed by judicial staff.

## STATEMENT

    Eugene Peba filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an order releasing him from the custody of the United States Department of Homeland Security ("DHS"). The court has conducted a preliminary review of the petition pursuant to Rules 1(b) and 4 of the Rules governing Section 2254 Cases.[1] For the following reasons, Peba's petition will be dismissed without prejudice.

    Peba asserts that he is a citizen of Nigeria and that on March 31, 2010 his wife filed a Form I-130 Petition for Alien Relative on his behalf. The United States Citizenship and Immigration Services ("USCIS") denied the petition on April 19, 2012, and Peba's notice of denial stated that he had thirty days to appeal the decision to the Board of Immigration Appeals ("BIA"). Peba was taken into custody on May 3, 2012, while he was "working on" his appeal to the BIA. He asserts that his detention is excessive and violates the due process clause of the Fifth Amendment because he has not committed any crime, does not pose a threat to national security, and is not a flight risk. He requests a writ ordering DHS to discharge him immediately, a declaratory judgment that DHS has violated the Immigration and Nationality Act ("INA") and the Constitution, and an injunction barring DHS from detaining him in the future.

    As a threshold issue, Peba has not demonstrated that this court has jurisdiction over his petition. An application for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. Thus, in order to proceed under § 2241, Peba "must name his custodian as respondent and file the petition in a district court that has jurisdiction over his custodian; otherwise, the district court would lack jurisdiction." *Samirah* v. *O'Connell*, 335 F.3d 545, 551 (7th Cir. 2003). The custodian is the individual who has "immediate custody" over the party who is detained, which means that he or she must have "day-to-day control" over the facility where the detainee is housed. *Kholyavskiy* v. *Achim*, 443 F.3d 946, 949 (7th Cir. 2006) (quotations and citations omitted). Peba's petition names Janet Napolitano, the Secretary of DHS, as respondent. The Seventh Circuit, considering a habeas petition filed under similar factual circumstances, held that the Secretary of DHS and other high-level officials such as the

| STATEMENT |
|---|

Attorney General are not an alien's "custodians." *Kholyavskiy*, 443 F.3d at 952–53 (citing *Rumsfeld* v. *Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004)); *see also Robledo-Gonzales* v. *Ashcroft*, 342 F.3d 667, 674 (7th Cir. 2003) ("Under appellees' theory, the Attorney General of the United States could be considered the custodian of every prisoner in federal custody because he supervises the Federal Bureau of Prisons." (quoting *Guerra* v. *Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986)). Because Peba has not named his immediate custodian in challenging his detention, his petition must be dismissed for lack of jurisdiction.

Furthermore, should Peba choose to re-file his petition, he must file his petition in the district court having jurisdiction over his custodian, *i.e.*, the district that contains the place of his detention. *See Kholyavskiy*, 443 F.3d at 952 (citing *Padilla*, 542 U.S. at 444); *al-Marri* v. *Rumsfeld*, 360 F.3d 707, 710–12 (7th Cir. 2004). A search of the USCIS Online Detainee Locator System indicates that Peba is currently detained in the Kenosha County Detention Center in Kenosha, Wisconsin. *See* https://locator.ice.gov/odls/homePage.do. Therefore Peba should file his petition in the District Court for the Eastern District of Wisconsin.

In addition, Peba should take note that his petition, as drafted, simply presents a hodgepodge of facts and legal arguments and is extremely difficult to understand. Most critically, the petition fails to clearly state Peba's current immigration status or the alleged source of the court's authority to provide the relief requested in his petition. For example, the petition cites repeatedly to *Zadvydas* v. *Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), to support Peba's position that his detention is excessive and unlawful. *Zadvydas* addresses the reasonableness of indefinite post-removal-period detention under 8 U.S.C. § 1231(a)(6). *See* 533 U.S. at 682. Peba, however, does not assert that he is subject to a final order of removal. Nor is he subject to indefinite detention; his custody has lasted approximately six days. Finally, if Peba is subject to a final order of removal, the Attorney General is required by statute to detain him for ninety days. *See* 8 U.S.C. §§ 1231(a)(1)(A) (mandating a 90 day removal period), 1231(a)(2) ("During the removal period, the Attorney General *shall* detain the alien." (emphasis added)); *see also Zadvydas*, 533 U.S. at 683. Therefore *Zadvydas* does not support Peba's request for relief.

Several other cases and the "applicable statute" cited by Peba likewise address situations where an alien is subject to a final order of removal or deportation. *See* 8 U.S.C. § 1252(c) (setting forth requirements for review of an order of removal); *Bartholomeu* v. *Dist. Dir., Immigration & Naturalization Serv.*, 487 F. Supp. 315 (D. Md. 1980) (considering detention of petitioner who was subject to final order of deportation); *Daniman* v. *Shaughnessy*, 117 F. Supp. 388 (S.D.N.Y. 1953) (same). Because Peba has not stated that he is subject to a final order of removal, it is unclear how this authority supports his petition.

Finally, Peba discusses Immigration and Nationality Act ("INA") § 236(a), codified at 8 U.S.C. § 1226(c), which relates to the detention of criminal aliens. He cites a case discussing section 1226(c) to support his position that the court can review the Attorney General's decision to deny bond. *See Danh* v. *Demore*, 59 F. Supp. 2d 994 (N.D. Ca. 1999) (holding that 8 U.S.C. § 1226(c), which requires detention of criminal aliens without bail, violated petitioners' procedural due process right to a hearing). Peba, however, denies that he has committed any crime. Therefore INA § 236(a) and related case commentary are not applicable to his petition.

For the foregoing reasons, it "plainly appears from the petition" that Peba is not entitled to relief. *See* Rule 4 of the Section 2254 Rules. Peba's petition is dismissed without prejudice.

---

1. Rule 1(b) states that a district court may exercise its discretion to apply the Rules Governing Section 2254 Cases to habeas petitions that were not brought under section 2254. Other courts in this circuit have interpreted Rule 1(b) as indicating that the Section 2254 Rules may be applied to petitions brought under section 2241. *See, e.g., Griffin* v. *Hollingsworth*, No. 10 C 615, 2011 WL 855336, at *1 (S.D. Ill. Mar. 9, 2011); *DeRoo* v. *Holinka*, No. 08 C 247, 2009 WL 1790666, at *1 (W.D. Wis. Jun. 24, 2009); *Staley* v. *Wallace*, No. 07 C 179, 2007 WL 709781, at *1 n.1 (E.D. Wis. Mar. 5, 2007); *Howard* v. *Certain Unnamed Aircraft Pilots*, No. 90 C 7197, 1991 WL 9032, at *1 n.1 (N.D. Ill. Jan. 17, 1991); *Odeyemi* v.

*Brown*, No. 87 C 10373, 1987 WL 28411, at *1 n.1 (N.D. Ill. Dec. 18, 1987).